IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES

VS.                    CRIMINAL ACTION NO. 3:10-cr-42(DCB)(LRA)

JAMES DOYLE

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant James Doyle ("Doyle")'s motion to dismiss the indictment **(docket entry 14)**. Having carefully considered the motion and the government's response, and being fully advised in the premises, the Court finds that no oral hearing is necessary, and finds as follows:

The indictment in this case charges Doyle with one count of failure to register or update his registration as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Doyle moves for dismissal on several grounds. His motion presents the following issues:

1. Whether a defendant convicted of a sexual offense in 2004 must be given actual notice of SORNA.

2. Whether SORNA violates the Ex Post Facto Clause of the United States Constitution.

3. Whether SORNA violates the Tenth Amendment of the United States Constitution.

4. Whether SORNA violates the Non-Delegation Doctrine.

5. Whether SORNA violates the Commerce Clause of the United States Constitution.

6. Whether SORNA is applicable to Doyle in the absence of the State of Mississippi adopting same.

7. Whether the regulations issued by the Attorney General of the United States violate the Administrative Procedure Act.

<u>FACTS</u>

On December 9, 2004, Doyle was convicted in Monroe County, Indiana, of one count of Sexual Misconduct with a Minor, a sex offense, in violation of Indiana Code § 35-42-4-9. Doyle was sentenced to serve twenty (20) years in the custody of the Indiana Department of Corrections ("IDOC") with ten (10) years suspended, followed by a ten (10) year term of probation. Doyle was released from the custody of IDOC on or about July 20, 2007. Since his 2004 conviction for Sexual Misconduct with a Minor in Monroe County, Indiana, Doyle has acknowledged his duty to register as a convicted sex offender several times in writing. Specifically, on December 9, 2004, the date the defendant was convicted of Sexual Misconduct with a Minor, he signed a document entitled "Special Probation Conditions for Adult Sex Offender," which informed him of additional requirements he would face upon his release from IDOC, including sex offender registration. On June 27, 2007, while still in the custody of IDOC, Doyle signed a document entitled

"Notification of Sex Offender Registration Responsibilities and Other Duties." Also on June 27, 2007, the defendant acknowledged that he received and understood the information contained in a separate document entitled "Sex Offender Registration Responsibilities and Other Duties," and that he understood his "registration duties and obligation under IC (Indiana Code 11-8-8) and other corresponding Indiana Statutes." The "Sex and Violent Offender Registration Responsibilities and Other Duties" document is seven pages in length, and informs sex offenders in great detail of their duty to register as a sex offender with the state of Indiana.

On July 23, 2007, the defendant registered with the Lawrence County, Indiana, Sheriff's Office as a sex offender. This registration stated in part, "Further, if I move to a different residential location (home address) outside of Lawrence County, no more than seven (7) days after the address change I must: (1) Provide written notice to the Lawrence County Sheriff's Office and (2) Register with the new count [sic] of residence." At no point, after Doyle traveled in interstate commerce to Mississippi, did he notify Indiana or Mississippi law enforcement authorities of his whereabouts. On October 17, 2007, the defendant again acknowledged his duty to register as a sex offender by executing a Green County, Indiana, "Sex and Violent Offender Registry" document. Finally, on November 30, 2007, March 15, 2008 and April 16, 2008 the defendant

received and executed residence verification forms.

Based on this documentation, it is clear that the defendant was made aware of his duty to register as a sex offender, and made the decision not to register as a sex offender in Mississippi.

Doyle was arrested in Pearl, Mississippi, on January 14, 2010, by local authorities and charged with Possession of Precursor Chemicals with Intent to Manufacture Methamphetamine in violation of Miss. Code Ann. § 41-29-313. On January 25, 2010, the defendant waived his right against self-incrimination and told Deputies from the United States Marshals Service that he was "on the run from the law in Indiana" because he was facing a probation revocation in Indiana.

On July 27, 2006, Congress passed the Adam Walsh Child Protection and Safety Act. Title I of the Adam Walsh Act is known as the Sexual Offender Registration and Notification Act ("SORNA"). In October of 2009, or thereabouts, Doyle moved from Indiana to Mississippi and failed to register as a sex offender with the State of Mississippi as required by SORNA and Miss. Code Ann. § 45-33-25, et seq. The indictment in this case, filed on April 20, 2010, charges that

> [o]n or about January 14, 2010 the Defendant, having been convicted of Sexual Misconduct with a Minor in violation of Section 35-42-4-9, Indiana Code, which required him to register as a sex offender under the Sex Offender Registration and Notification Act, traveled in interstate commerce and knowingly failed to register or update his registration as a sex offender as required by the Sex Offender Registration and Notification Act, in violation

4

of Section 2250(a), Title 18, United States Code.
Indictment, p. 1.

<u>LAW</u>

This Court has previously addressed all seven of Doyle's grounds for dismissal in a similar case.  In <u>United States v. Johnson</u>, 652 F.Supp.2d 720 (S.D. Miss. 2009), the Court found these same arguments to be without merit.  In addition, in <u>United States v. Whaley</u>, 577 F.3d 254, 256 (5th Cir. 2009), the Fifth Circuit Court of Appeals ruled on three of the grounds for dismissal raised by Doyle (Defendant's Arguments 1, 4 and 5), and held that the Due Process Clause does not require that a defendant receive actual notice of SORNA (Defendant's Argument 1), <u>id</u>. at 262; that SORNA does not violate the Non-Delegation Doctrine (Defendant's Argument 4), <u>id</u>. at 263-64; and that SORNA and 18 U.S.C. § 2250 do not violate the Commerce Clause of the United States Constitution (Defendant's Argument 5), <u>id</u>. at 258.  In <u>United States v. Young</u>, 585 F.3d 199 (5th Cir. 2009), the Fifth Circuit held that SORNA and 18 U.S.C. § 2250 do not violate the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause of the Constitution (Defendant's Argument 2).  Finally, in <u>United States v. Heth</u>, 596 F.3d 255, 259-60, (5th Cir. 2010), the Fifth Circuit held that SORNA is applicable to the defendant in the absence of the State of Mississippi adopting SORNA (Defendant's Argument 6).

The Court now addresses each of Doyle's seven grounds for dismissal of the indictment.

5

**1. Whether a defendant convicted of a sexual offense in 2004 must be given actual notice of SORNA.**

The defendant argues that the government was required to provide him with actual notice of SORNA's registration requirement before prosecuting him for "knowingly" failing to register. Doyle was informed of his duty to register as a sex offender on numerous occasions. One of the Indiana forms signed by the defendant states, in part:

> You shall register with local law enforcement authorities as a sex offender within seven (7) days of being released to probation supervision in accordance with IC 5-2-12-5. You shall not reside within one thousand (1,000) feet of school property in accordance with IC 35-38-2-2.2 and IC 35-41-1-24.7. You shall not reside within one (1) mile of the residence of the victim of your sex offense (as defined by IC 35-38-2-2.5. (b)) in accordance with IC 35-38-2-2.5©. **(Required as a condition of probation by statute).**

"Special Conditions for Adult Sex Offenders," signed by James Doyle, dated December 9, 2004 (emphasis in original).

The defendant's signatures on the Indiana registration notifications and address/residence verification forms are sufficient evidence that he was made aware of his legal duty to register. In United States v. Torres, 573 F.Supp.2d 925 (W.D. Tx. 2008), the United States District Court for the Western District of Texas stated, "If failure to have specific knowledge of the particular statute you have been accused of violating were a pre-requisite to conviction, there would rarely, if ever, be a conviction. Due process does not require specific notice." Id. at

944 (citing <u>United States v. Samuels</u>, 543 F.Supp.2d 669, 673-674 (E.D. Ky. 2008)).

The Due Process Clause of the Fifth Amendment provides that "No person shall ... be deprived of life, liberty, or property, without due process of law ...." U.S. Const. Amend. V. While notice is a fundamental principle of due process,

> the Constitution does not require personal notice in every situation in which Government action impacts a person's life, liberty, or property. Rather, "due process is flexible and calls for such procedural protections as the particular situation demands."

<u>Gilbert v. Homar</u>, 520 U.S. 924, 930 (1997)(quoting <u>Morrissey v. Brewer</u>, 408 U.S. 471, 481 (1972)).

In this case, Doyle was personally aware of the registration requirement because it was explicitly stated on the registration acknowledgments he repeatedly signed in Indiana. The possibility that he may not have been aware of a new law imposing a higher penalty on that same behavior does not violate due process rights. Due process demands he have notification that his behavior was illegal, but Doyle cannot claim it also demands he be personally notified every time a new law modifies the penalties or requires behavior already required by known laws. In <u>Whaley</u>, the Fifth Circuit held that the Due Process Clause does not require a defendant who has been convicted of a sexual offense prior to the effective date of SORNA to receive actual notice of his duty to register as a sex offender. 577 F.3d at 262.

Doyle likens his case to <u>Lambert v. The People of the State of California</u>, 355 U.S. 225 (1957), in which a felon registration law was held to violate due process because of its failure to provide notice. However, in that case the registration law was the first such law to apply to the defendant, who had no reason to believe any law whatsoever required her to register. The Supreme Court held that the statute's "severity lies in the absence of an opportunity either to avoid the consequences of the law or to defend any prosecution brought under it." <u>Id</u>. at 229. Doyle, on the other hand, was well aware of his legal obligation to register and fully able to avoid the consequences of the law by doing so.

Doyle correctly asserts that SORNA itself requires jurisdictions to explain registration obligations to sex offenders and ensure they sign a form acknowledging those obligations. 42 U.S.C. § 16917. However, Doyle has not shown that this provision intended a notification substantially different from that which he had already received from the state of Indiana. Doyle was already notified of his registration obligations by Indiana, and SORNA did nothing to change those obligations. Even if SORNA were to require a particular level of notification, it does not follow that a failure to supply that notification is a <u>per</u> <u>se</u> violation of Doyle's Due Process rights. Furthermore, while SORNA requires officials to notify sex offenders, receipt of notice is not an element of the offense. <u>See</u> 18 U.S.C. § 2250.

8

Ignorance of the law has never been a legitimate excuse for illegal behavior because people are expected to make themselves aware of the laws which apply to them. Where an entirely new requirement is created under which failure to act constitutes a crime, then due process may be violated if a defendant had no notice of any such requirement, as in <u>Lambert</u>. However, when the requirements of registration are known or even likely to be known, ignorance of the law is no excuse even in the context of offender registration. <u>United States v. Mitchell</u>, 2007 WL 2609784, *2 (W.D. Ark., Sept. 6, 2007)(citing <u>Lambert</u>). Unlike the defendant in <u>Lambert</u>, Doyle knew that he was required to notify Indiana of any address change and to notify the state of Mississippi once he began to reside there. <u>See</u> Miss Code Ann. § 45-33-25. Doyle was fully aware that his actions came with criminal penalties.

In <u>Johnson</u>, this Court held that due process does not require a defendant to receive actual notice of SORNA's registration requirement. 652 F.Supp.2d at 724-25. Because of the various other statutes requiring Doyle to register when he moved to Mississippi, due process did not require that he receive actual notice of SORNA's registration requirement.

**2. Whether SORNA violates the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause of the United States Constitution.**

Doyle next argues that his prosecution for a violation of 18 U.S.C. § 2250 violates the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause of the Constitution. Article I of the United States Constitution provides

that Congress shall not pass any "ex post facto Law." U.S. Const. Art. I, § 9 cl. 3. The two primary goals of the Ex Post Facto Clause are (1) to ensure that legislative enactments "give fair warning of their effects and permit individuals to rely on their meaning until explicitly changed" and (2) to prevent federal legislatures from enacting arbitrary vindictive legislation. Miller v. Florida, 482 U.S. 423, 430 (1987). Two critical elements must be present in order for a law to be declared ex post facto: (1) it must be retrospective, i.e., it must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it. Weaver v. Graham, 450 U.S. 24, 29 (1981)(footnotes omitted).

In United States v. Young, 585 F.3d 199 (5th Cir. 2009), the Fifth Circuit held that SORNA and 18 U.S.C. § 2250 do not violate the Ex Post Facto Clause of the Constitution. As noted above, Doyle's violation of 18 U.S.C. § 2250 occurred on or about January 14, 2010 when he traveled in interstate commerce to Mississippi and failed to register as a sex offender upon his arrival in Mississippi, whereas SORNA was enacted in 2006. Doyle is not being punished because he violated 18 U.S.C. 2250 subsequent to its enactment; he is a sex offender who was required to register under SORNA, who traveled in interstate commerce, and who "knowingly" failed to register or update a registration in the state in which he resided as required by SORNA. A law is not retrospective simply

because it draws upon antecedent facts for its operation. <u>United States v. Hemmings</u>, 258 F.3d 587, 594 (7th Cir. 2001); <u>F.D.I.C. v. Faulkner</u>, 991 F.2d 262, 266 (5th Cir. 1993). Instead, in order to be in violation of the <u>Ex Post Facto</u> Clause, it must retroactively define conduct as criminal to the detriment of the defendant. <u>Hemmings</u>, 258 F.3d at 594.

In <u>Smith v. Doe</u>, 538 U.S. 84 (2003), the Supreme Court addressed a similar issue. That case involved Alaska's sex offender registration scheme which was passed along with the federal Jacob Wetterling Crimes Against Children and Sexually Violent Offenders Registration Act, 42 U.S.C. § 14071, and sex offender registries in all other 50 states between 1994-1996. <u>Id</u>. at 89-90. Like SORNA, the Alaska statute also required previously convicted sex offenders to register based upon a previous qualifying crime. <u>Id</u>. at 90. The Supreme Court held that the Alaska law did not violate the Constitution's <u>Ex Post Facto</u> Clause even though it carried a criminal penalty for failure to comply, holding it was a nonpunitive civil scheme. <u>Id</u>. at 97-106. The law had many of the same requirements as SORNA, including prompt registration, frequent updates, registration for life for some offenders, notification upon change of residence and criminal penalties for failure to comply.

Additionally, after comparing SORNA with the statute in <u>Smith</u>, the district court in <u>Torres</u>, 573 F.Supp.2d at 946, found nothing

11

in SORNA that is in any significant way more punitive than the Alaska statute; therefore, the court found that SORNA does not violate the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause. Similarly, in <u>Johnson</u>, this Court held that the regulations of SORNA and penalties under 18 U.S.C. § 2250 for failure to register as sex offender are not punishment for past sex crimes, but rather are valid civil regulations intended to protect the public which carry corresponding criminal penalties for failure to comply. <u>See</u> <u>Johnson</u>, 652 F.Supp.2d at 726. Application of 18 U.S.C. § 2250, as applied to Doyle, is not a violation of the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause of the Constitution.

**3. Whether 18 U.S.C. § 2250 violates the Tenth Amendment to the United States Constitution.**

Doyle argues that SORNA violates the Tenth Amendment by requiring state officials to administer federal law. The Supreme Court has held that a private citizen, acting on his own behalf and not in an official capacity or on behalf of the state citizenry, lacks standing to raise a Tenth Amendment claim. <u>See</u> <u>Tenn. Elec.</u> <u>Power Co v. Tenn Val Auth.</u>, 306 U.S. 118, 145 (1939). Moreover, assuming standing, Doyle's argument nevertheless fails. The Tenth Amendment states that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." The Supreme Court has interpreted this Amendment to mean, in part, that "Congress cannot compel States to enact or enforce a federal

regulatory program." <u>Printz v. United States</u>, 521 U.S. 898, 935 (1997). However, the regulatory scheme enacted by Congress in SORNA does not command state officers or their political subdivisions to do anything. <u>Torres</u>, 573 F.Supp.2d at 950. SORNA does not require a state to change its laws or procedures to comply with the federal sex offender registration program. Rather, a state can choose to implement SORNA or, in the alternative, choose not to implement SORNA and receive a reduction in federal funding. Pursuant to Congress' constitutionally authorized spending power, U.S. Const. Art. I §8, cl. 1, Congress "may attach conditions on the receipt of federal funds ... 'to further broad policy objectives by conditioning receipt of federal moneys upon compliance by the recipient with federal statutory and administrative directives.'" <u>Id</u>. at 951 (citing <u>South Dakota v. Dole</u>, 483 U.S. 203, 206 (1987)(quoting <u>Fullilove v. Klutznick</u>, 448 U.S. 448, 474 (1980)).

In <u>Torres</u>, the court noted that every other federal court addressing this issue has rejected a defendant's Tenth Amendment argument. <u>Id</u>. In <u>Johnson</u>, this Court found that SORNA did not violate the Tenth Amendment to the Constitution, 652 F.Supp.2d at 726, and now also finds that Doyle has failed to show that SORNA violates the Tenth Amendment.

**4. Whether 18 U.S.C. § 2250 violates the Non-Delegation Doctrine**

Doyle next argues that Congress impermissibly delegated to the

13

Attorney General the decision as to whether SORNA should be applied retroactively. In <u>Whaley</u>, the Fifth Circuit held that even if SORNA "delegates broad authority to the Attorney General to determine the retroactive application of SORNA, that delegation would be permissible under the nondelegation doctrine." 577 F.3d at 263.

"The non-delegation doctrine is rooted in the principle of separation of powers that underlies our tripartite system of government." <u>Mistretta v. United States</u>, 488 U.S. 361, 371 (1989). However, the Supreme Court has stated that "the separation-of-powers principle, and the non-delegation doctrine in particular, do not prevent Congress from obtaining the assistance of coordinate branches." <u>United States v. Madera</u>, 474 F.Supp.2d 1257, 1260 (M.D. Fla. 2007)(quoting <u>Mistretta</u>, 488 U.S. at 372). Therefore, "[s]o long as Congress 'shall lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform, such legislative action is not a forbidden delegation of power.'" <u>Mistretta</u>, 488 U.S. at 372 (quoting <u>J.W. Hampton, Jr. & Co. v. United States</u>, 276 U.S. 394, 409 (1928)). The intelligible principal is satisfied if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority. <u>Id</u>. at 372-73.

Clearly, Congress laid down an intelligible principal to the

Attorney General in 42 U.S.C. § 16901 when it stated in the "Declaration of Purpose": "In order to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators against the victims listed below, Congress in this Act establishes a comprehensive national system for the registration of those offenders[.]"

Doyle's retroactivity argument regarding the non-delegation doctrine is premised upon that portion of 42 U.S.C. § 16913(d) which grants to the Attorney General "the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006, or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section." 18 U.S.C. § 16913(d). At the time SORNA was enacted, on July 27, 2006, Doyle was already required to maintain a current sex offender registration in accordance with the laws of Mississippi and Indiana. Doyle's obligation to register under SORNA was neither created nor altered by the interim rule adopted on February 27, 2007 which stated, "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3.

In <u>Clinton v. City of New York</u>, 524 U.S. 417 (1998), Justice

Breyer, in a dissenting opinion, noted that only twice in its history had the Supreme Court found that a congressional delegation of power violated the non-delegation doctrine. Id. at 485-86.

> One such case, Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935),[1] was in a sense a special case, for it was discovered in the midst of the case that the particular exercise of the power at issue, the promulgation of a Petroleum Code under the National Industrial Recovery Act, did not contain any legally operative sentence. Id. at 412-413, 55 S.Ct., at 244-245. The other case, A.L.A. Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935), involved a delegation through the National Industrial Recovery Act, 48 Stat. 195, that contained not simply a broad standard ("fair competition"), but also the conferral of power on private parties to promulgate rules applying that standard to virtually all of American industry, id., at 521-525, 55 S.Ct., at 839-841. As Justice Cardozo put it, the legislation exemplified "delegation running riot," which created a "roving commission to inquire into evils and upon discovery correct them." Id. at 553, 551, 55 S.Ct., at 853, 852 (concurring opinion).

Id. at 486 (Breyer, dissenting). In Torres, the court noted that not a single statute enacted since 1935 has been found to have violated the nondelegation doctrine. 573 F.Supp.2d at 948.

Assuming that Doyle has standing on the issue of non-delegation, it is clear that Congress provided intelligible principles by which to guide the executive delegation of authority; therefore, the non-delegation doctrine has not been violated. See Johnson, 652 F.Supp.2d at 726-27. Doyle's argument is without merit.

---

[1] Panama Refining Co. is cited by Doyle in his memorandum brief. Brief in Support of Motion to Dismiss Indictment, p. 9.

**5.  Whether 18 U.S.C. § 2250 violates the Commerce Clause of the United States Constitution.**

Doyle argues that SORNA and its criminal enforcement provision exceed Congress' constitutional power because the sex offender registration requirements are purely local in nature, and there is an insufficient relationship to interstate commerce.  The government contends that these provisions are within Congress' authority under the Commerce Clause, U.S. Const., Art. I § 8 cl. 3, and that SORNA's registration requirements, including the enforcement mechanism provided by 18 U.S.C. § 2250(a), are a valid exercise of Congress' authority to regulate the channels of, and persons and things in, interstate commerce.

SORNA and § 2250(a) represent a valid exercise of Congress' authority to address an issue that, because it involves the movement of sex offenders between states, and the adoption of consistent standards and coordination among those jurisdictions, is beyond the power of any one state to comprehensively address.  As the Supreme Court has explained, its cases "have identified three general categories of regulation in which Congress is authorized to engage under its commerce power."  Gonzales v. Raich, 545 U.S. 1, 16 (2005); see also United States v. Lopez, 514 U.S. 549, 558-559 (1995).  "First, Congress can regulate the channels of interstate commerce."  Gonzales, 545 U.S. at 16.  "Second, Congress has authority to regulate and protect the instrumentalities of interstate commerce, and persons or things in interstate commerce."

17

_Id_. at 16-17. "Third, Congress has the power to regulate activities that substantially affect interstate commerce." _Id_. at 17.

In _Whaley_, the Fifth Circuit considered whether or not the registration requirement of 42 U.S.C. § 16913 and the penalty of 18 U.S.C. § 2250 violated the Commerce Clause. The court held that "because § 2250 applies only to those failing to register or update a registration after traveling in interstate commerce ... it squarely falls under the first _Lopez_ prong." _Whaley_, 577 F.3d at 258. _See also United States v. Kung-Shou Ho_, 311 F.3d 589, 597 (5th Cir. 2002). The Court also held that requiring sex offenders to register both before and after they travel in interstate commerce – which clearly facilitates monitoring those movements and which has a minimal practical impact on intrastate sex offenders – is "reasonably adapted" to the goal of ensuring that sex offenders register and update previous registrations when moving among jurisdictions. _Whaley_, 577 F.3d at 261. _See also United States v. Ambert_, 561 F.3d 1202, 1212 (11th Cir. 2009)("Section 16913 is reasonably adapted to the attainment of a legitimate end under the commerce clause. The requirement that sex offenders register under § 16913 is necessary to track those offenders who move from jurisdiction to jurisdiction.").

Other courts of appeals that have considered the question have recognized that § 2250(a) and SORNA's registration requirements

come within the first two <u>Gonzales</u> / <u>Lopez</u> categories.  <u>See</u> <u>United States v. Howell</u>, 552 F.3d 709, 713-717 (8th Cir. 2009)(upholding SORNA's registration requirements under the Commerce Clause and Necessary and Proper Clause); <u>id</u>. at 717 ("When § 16913 is analyzed in relation to the purpose of SORNA, it is evident § 16913 is an appropriate aid to the accomplishment of tracking the interstate movement of sex offenders.")(citing <u>United States v. Darby</u>, 312 U.S. 100, 121 (1941)); <u>United States v. Hinkley</u>, 550 F.3d 926, 940 (10th Cir. 2008)("By requiring that a sex offender travel in interstate commerce before finding a registration violation, SORNA remains well within the constitutional boundaries of the Commerce Clause."); <u>United States v. Lawrance</u>, 548 F.3d 1329, 1336-1337 (10th Cir. 2008)(first and second categories support validity of SORNA and Section 2250(a)); <u>United States v. May</u>, 535 F.3d 912, 921 (8th Cir. 2008)("SORNA thus derives its authority from each prong of <u>Lopez</u> - and most specifically, the ability to regulate 'persons or things in interstate commerce' and 'the use of the channels of interstate commerce.'").

Additionally, the language of § 2250(a) itself reflects its status as legislation under the first two <u>Gonzales</u> / <u>Lopez</u> categories.  Section 2250(a)(2)(B), in relevant part, limits the section's application to a specific class of individuals - sex offenders who "travel in interstate or foreign commerce."  By requiring travel in commerce, rather than travel or other conduct

"affecting commerce," Congress expressed its intent to address matters within the first two <u>Gonzales</u> / <u>Lopez</u> categories.

Doyle's conduct falls squarely within the concerns that caused the need for SORNA and 18 U.S.C. § 2250, a need which was addressed by Congress under its legislative authority granted by the Commerce Clause. Doyle moved from state to state and failed to register and update his registration. As a result of that movement, he impaired the ability of the states in which he has lived to monitor and supervise him. Because application of § 2250(a) to Doyle is within the permissible scope of Congress' Commerce Clause authority, Doyle's Commerce Clause challenge to Section 2250(a) and to SORNA generally is without merit. See <u>Johnson</u>, 652 F.Supp.2d at 726-27 (finding that SORNA does not violate the Commerce Clause).

**6. Whether SORNA is applicable to Doyle in the absence of the State of Mississippi adopting same.**

Doyle argues that Mississippi's current failure to implement SORNA precludes his prosecution, and therefore the indictment should be dismissed. Specifically, he argues that it would be impossible for him to register in Mississippi under SORNA, and therefore he cannot be prosecuted for failure to register as a sex offender.

A convicted sex offender is required to register, and keep his registration current, in a state where he resides. 42 U.S.C. § 16913(a). Doyle, like any other previously convicted sex offender, is not required to comply with the more complicated SORNA

requirements until Mississippi and Indiana implement those procedures.   As a resident of Indiana, Doyle was required to register as a sex offender prior to SORNA.   After moving to Mississippi, Doyle could have registered in Mississippi as required by Mississippi law, thereby complying with SORNA.   See Miss. Code Ann. 45-33-25.   Like the defendant in Torres, Doyle had the ability to comply with his obligations under SORNA for all periods relevant to this case, but chose not to do so.   The court in Torres held that the defendant's due process rights were not violated because the defendant was required to register, despite Texas' failure to implement SORNA.   573 F.Supp.2d at 943.   See also United States v. Gould, 526 F.Supp.2d 538, 542 (D. Md. 2007)("An offender's registration under SORNA does not hinge on implementation in his state.").

In Heth,, the Fifth Circuit joined other circuits in holding that a defendant's "conviction did not violate his due process rights because he was required to register under SORNA regardless of whether SORNA's administrative requirements had been implemented" by the states in which the defendant resided.   596 F.3d at 259-60.   See also United States v. Hester, 589 F.3d 86, 93 (2nd Cir. 2009)("[W]e also agree with our sister circuits and hold that compliance with SORNA is not 'impossible' in light of the fact that the states at issue had a registration program."); United States v. Brown, 586 F.3d 1342, 1349 (11th Cir. 2009)("[A] sex

21

offender is not exempt from SORNA's registration requirements merely because the jurisdiction in which he is required to register has not yet implemented SORNA."); United States v. George, 579 F.3d 962, 965 (9th Cir. 2009)("Without regard to whether SORNA is implemented by Washington or any other state, registration under it is required.").

Doyle cites United States v. Dalton, 960 F.2d 121 (10th Cir. 1992) for the principal that because Mississippi has yet to enact SORNA, Doyle is unable to comply with SORNA's registration requirement. The facts in Dalton are quite different from those in the case sub judice. John Dalton, an attorney, accepted a firearm as a fee from a client who was a licensed firearms dealer and who had converted the weapon into a machine gun. Dalton was found guilty of possessing and transferring an unregistered firearm in violation of the National Firearms Act. The National Firearms Act specifically provides that all applications to register a firearm will be denied if it is illegal to possess or transfer a weapon. Because the firearm was illegal, it was physically impossible to register the weapon, and the appellate court reversed Dalton's conviction. That is not the case with Doyle who could have registered as a sex offender, but simply chose not to do so.

As this Court held in Johnson, 18 U.S.C. § 2250 and SORNA are applicable to a defendant such as Doyle, notwithstanding the fact that the State of Mississippi has not adopted SORNA. 652 F.Supp.2d

at 728-29.  Doyle's argument is therefore without merit.

**7.  Whether the regulations issued by the Attorney General of the United States violate the Administrative Procedure Act.**

In February of 2007, the Attorney General issued an Interim Rule specifying that SORNA's requirements "apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 72 Fed.Reg. 8897; 28 CFR § 72.3 (2009).  The defendant argues that this Interim Rule violates the Administrative Procedures Act in that it was promulgated without the required thirty-day notice and comment period.  Doyle further argues that the Attorney General's reliance on the "good cause" exception to the notice and comment period was misplaced.

The Administrative Procedures Act provides that thirty (30) days prior to the effective date of a rule, publication and service must be effectuated.  5 U.S.C. § 553(d).  The thirty-day requirement provides for notice and comment by interested persons. 5 U.S.C. § 553(c).  An agency can, however, dispense with the thirty-day requirement if, for good cause, notice and comment would be "impracticable, unnecessary, or contrary to public interest." 5 U.S.C. § 553(b)(B).  The notice and comment requirement could be deemed contrary to the public interest if it impedes timely implementation of a statute as specifically required by that statute.  See American Transfer & Storage Co. v. I.C.C., 719 F.2d

1283, 1293-94 (5th Cir. 1983)(finding good cause where procedural reforms mandated by statute became effective immediately without a transition period for implementation); <u>Philadelphia Citizens in Action v. Schweiker</u>, 669 F.2d 877, 882-84 (3rd Cir. 1982)(finding good cause where certain amendments became effective by statute on a specific date, shortly after enactment).

Regarding SORNA, Congress specified that the purpose of SORNA was to protect the public and to create a comprehensive national system for registering sex offenders. 42 U.S.C. § 16901. Further, the Act became effective upon its enactment on July 27, 2006. 109 Pub.L. 248. The Interim Rule issued by the Attorney General on February 28, 2007, cited the public interest prong of 5 U.S.C. § 553(b) in finding that a prior notice and comment period, as well as a delayed effective date, would be contrary to public interest. "Applicability of SORNA," 72 Fed.Reg. At 8896-97. Specifically, the Attorney General explained that any "[d]elay in the implementation of this rule would impede the effective registration of such sex offenders and would impair immediate efforts to protect the public from sex offenders who fail to register through prosecution and the imposition of criminal sanctions." <u>Id</u>. at 8896. The Attorney General also cautioned that delaying implementation of the rule could result in "the commission of additional sexual assaults and child sexual abuse or exploitation offenses by sex offenders that could have been prevented had local

authorities and the community been aware of their presence ...."
Id. at 8896-97.

In United States v. Gould, 526 F.Supp.2d 538 (D. Md. 2007), the United States District Court for the District of Maryland examined the Attorney General's Interim Order regarding SORNA, and agreed that it would be contrary to the public interest to require a notice and comment period for the Interim Rule. The district court found:

> The DOJ justification for immediate implementation was a need for legal certainty about SORNA's retroactive application to pre-SORNA convicted offenders and a concern for public safety that these offenders be registered as quickly as possible. [72 Fed.Reg.] at 8896. Delaying implementation of the Interim Order to meet the formal rulemaking requirements of the APA would be contrary to the public interest. The DOJ's valid concern for public safety, legal certainty, and swift implementation of the rule was adequately justified in its interim order. Moreover, DOJ has since issued proposed guidelines that are open to the formal public notice and comment review period. The Attorney General demonstrated good cause for failing to comply with the strictures of the APA, therefore, the Interim Order was valid.

Id. at 546 (footnote omitted).

This Court agrees that because there was good cause for rapid implementation of the Interim Rule, it falls within the exception to the notice and comment requirements under the APA, and is not arbitrary and capricious. See Johnson, 652 F.Supp.2d at 729-30. Doyle's argument is without merit.

The Court finds that none the defendant's grounds for dismissal are well taken. Accordingly,

IT IS HEREBY ORDERED that the defendant James Doyle's motion to dismiss the indictment **(docket entry 14)** is DENIED.

SO ORDERED, this the 19th day of July, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE